**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.: 26-cv-2419**

NATTASHA LEANDRE, an individual,

Plaintiff,

v.

TRANSWORLD SYSTEMS, INC.,
a California corporation,

Defendant.
_________________________________________/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Nattasha Leandre, sues Defendant, Transworld Systems, Inc., a California corporation, and alleges:

***INTRODUCTION***

1. This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Fla. Stat. §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

***JURISDICTION***

2. Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

## ***ALLEGATIONS AS TO PARTIES***

3. At all times material hereto, Plaintiff, Nattasha Leandre ("Ms. Leandre"), was *sui juris* and a resident of Polk Florida, residing at 1246 Tangerine Parkway, NE, Winterhaven, Florida 33881.

4. At all times material hereto, Defendant, Transworld Systems, Inc. ("Transworld"), was a California corporation with its principal address at 500 Virginia Drive, Suite 514, Fort Washington PA 19034, doing business in Orange County, Florida.

5. At all times material hereto, Transworld was and is engaged in the collection of consumer debts using mail and telephone communications to debtors in the State of Florida.

6. Defendant is properly subject to jurisdiction in the courts of this State pursuant to Fla. Stat. §48.193 by operating, conducting, engaging in, or carrying on a business in this state, committing a tortious act within the state, and/or causing injury to persons within the state arising from an act or omission by Defendant outside the state, when Defendant was engaged in debt collection activities within the state.

7. All acts and omissions of any agent, employee or representative of Defendant were committed with the express, implied, or apparent authority of Defendant or were subsequently ratified by Defendant.

## ***FACTUAL ALLEGATIONS***

### A. History of Collection Abuse and Harassment Practices of Debt Collectors With Respect to Third-party Communications

8. Traditionally, in order to collect a debt, most debt collectors were limited to communicating by mail or by phone. The efficacy of such communications is problematic. With small debts, the cost of postage for repeated and potentially unopened mail is prohibitive. With the pervasiveness of "caller id," many persons refuse to answer calls from numbers associated with a debt collector or from unknown parties.

9. If a debt collector is unable to communicate with a consumer, the collector is unable to coax (or in worse case extort) payment. To overcome the problem, some law-breaking debt collectors reach out to third parties such as neighbors, friends and relatives to unwittingly aid in collections.

10. The FDCPA provides for strict limitations on such third-party communications:

> (b) Communication with third parties—Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with

> the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b)

11. The provision's strict limitations on third-party contacts make it one of the FDCPA's most important protections. According to the Senate report:

> [T]his legislation adopts an extremely important protection . . . it prohibits disclosing the consumer's personal affairs to third persons. Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as loss of job.

S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

12. Congress provided a very detailed, narrow exception to the broad general prohibition of third-party contacts in Section 1692c(b) to allow collectors to locate a debtor:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall–
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> (2) not state that such consumer owes any debt;
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
> (4) not communicate by postcard;

> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S.C. § 1692c(b).

13. Contacting third parties by a debt collector has significant potential to harass and abuse consumers. After all, few persons wish to be embarrassed by having neighbors, friends and family members contacted by a debt collector.

**B. Developments Concerning Regulation of Communications by Debt Collectors**

14. As a result of widespread changes in technology, including communications by email, the Consumer Financial Protection Bureau ("CFPB") implemented Regulation F on October 30, 2020, and December 18, 2020, interpreting the FDCPA.

15. With an effective date of November 30, 2021, the CFPB's new rules in Regulation F set forth a clear framework that debt collectors must work within in order to communicate with consumers.

16. The regulation allows for electronic communications with specific restrictions – such as at inconvenient times or places, while the consumer is

represented by an attorney, employer-provided emails, where there is a cease communication request- and provides for reasonable procedures to prevent third parties from viewing emails and text messages.

17. Regulation F also requires that the debt collector provide notice in any electronic communication to the consumer of the right to opt-out of that specific mode of electronic communication directed to that email address or telephone number for text messages, or other electronic medium address.

18. Regulation F §1006.6(d) provides that a debt collector may communicate by email to a consumer:

> A. if the consumer used the address to communicate with the debt collector about the debt (as opposed to marketing or other advertising materials) and the consumer has not opted out of communications to that email. Alternatively, the debt collector may send an email to an address if the debt collector received prior consent directly from the consumer to use the email and the consumer has not since withdrawn that consent;
>
> B. if the creditor sent an opt-out notice that informs the consumer that the debt has been or will be transferred to the debt collector, that the collector might communicate using the consumer's email address, and that if others have access to the email address, such communications could be seen; or
>
> C. if the immediate prior debt collector obtained the address above, the immediately prior debt collector used the email address to communicate with the consumer about the debt, and the consumer did not opt-out of such communications.

19. As detailed below, Transworld communicated with Ms. Leandre in a manner not authorized under the FDCPA and Regulation F.

**B. Details of Collection Abuse and Harm Experienced by Ms. Leandre**

20. Approximately four years ago, Ms. Leandre leased an automobile from Enterprise Rent-A-Car ("Enterprise") for her personal and household use, to-wit: to drive her family on vacation ("Vehicle Rental Agreement").

21. When the vehicle was returned to Enterprise, Enterprise assessed charges and penalties related to the use of the vehicle ("Enterprise Account").

22. At some unknown time in the past, Enterprise retained or caused to be retained Transworld for the purpose of collecting the car rental account.

23. On or about Thursday, August 6, 2026, Transworld sent an unsolicited email ("Collection Email") to a third-party, Tashi Fergus ("Ms. Fergus") at email address Tashifergus@hotmail.com.

24. The Collection Email is set forth in its entirety as follows:

(Remainder of page left intentionally blank)



Enterprise Rent A Car - SCD Account Ending in 2025 - See Offer

tsi

Continue scrolling to see important information concerning your rights. Please do not reply to this email as this email address is not monitored. Options for contacting us are provided below.
You may click here to UNSUBSCRIBE or OPT-OUT

To: NATTASHA LEANDRE
761 LAKE JESSIE DR
WINTER HAVEN FL 33881

TSI Physical Address:
Transworld Systems Inc.
500 VIRGINIA DR SUITE 514
FT.WASHINGTON PA 19034
888-899-4780
Office Hours: Monday through Friday 8:00am to 7:00pm CST.

Calls to and from this company are recorded and may be monitored.

Our Account #: 69486073
Creditor: Enterprise Rent A Car - SCD
Creditor's Account #: 69A74-0020377357 04152025
Balance Due: $8406.41

Dear NATTASHA LEANDRE,

Your creditor has agreed to accept $5884.49 as a lump sum payment which will resolve the account for less than the Balance Due. This offer is valid for 15 days from the date of this email and we are not obligated to renew this offer.

You can accept this offer by calling us at 888-899-4780.

This offer is contingent upon Transworld Systems Inc. receiving the payment in our office on or before 15 days from the date of this email. Any payment received after 15 days from the date of this email will be applied to the Balance Due.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Very truly yours,
Transworld Systems Inc.

Please be advised that if you provide access to your email account to any other persons, such persons may be able to read the emails that we send to you. We do not send emails to known workplace email addresses, even with your permission, because they are subject to your employer's email monitoring policies and may be read by your employer. Some written communications may be sent via US Postal Service.

You may click here to UNSUBSCRIBE or OPT-OUT

500 VIRGINIA DR SUITE 514

25. The Collection Email was opened by Ms. Fergus.

26. After reading the Collection Email, Ms. Fergus confronted Ms. Leandre concerning the communication from a debt collector.

27. Ms. Fergus is the sister of the father of Ms. Leandre's children. Because of the estrangement of Ms. Fergus and her former partner, the relationship between Ms. Fergus and Ms. Leandre is strained and prone to conflict.

28. The email exchange between Ms. Fergus and Ms. Leandre was embarrassing as Ms. Fergus accused Ms. Leandre of using the email address of Ms. Fergus without her permission:

(Remainder of page left intentionally blank)




29. Ms. Leandre was humiliated as the Collection Email disclosed that she owed money to Enterprise and she worried that questions concerning her financial

stability may be raised by her former partner in any future disputes involving their children.

30. The Collection Email caused a disturbance in the relationship of Ms. Leandre and Ms. Fergus.

31. Transworld had no reason to email Ms. Leandre at a stranger's email address.

32. By information and belief, Transworld acquired the email address of Ms. Jean through a skip trace platform that mapped out known associates and family members of the debtor in order to send out unlawful third-party communication.

33. The email to Ms. Fergus was purposeful in order to cause Ms. Leandre to take action to avoid further embarrassment.

**COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQ.)***

34. This is action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

35. Ms. Leandre realleges and reaffirms the allegations contained in Paragraphs 1 through 33 above as if set forth hereat in full.

36. At all times material hereto, Ms. Leandre was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

37. At all times material hereto, Enterprise was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

38. At all times material hereto, the Enterprise Account was a “debt” as said term is defined under 15 U.S.C. §1692a (5)

39. At all times material hereto, Transworld was a “debt collector” as said term is defined under 15 U.S.C. §1692a (6).

40. As more particularly described above, Transworld has violated the FDCPA in that Transworld has:

(a). communicated in connection with debt collection with third parties in contravention of 15 U.S.C. §1692b and c(b) and Regulation F, §1006.6;

(b). engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(c). failed to disclose in the initial communication with Ms. Leandre as a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in any subsequent communication that the communication is from a debt collector in contravention of 15 U.S.C.§1692e (11); and

(d). used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

41. 15 U.S.C. §1692g provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (a) The amount of the debt;
>
> (b) The name of the creditor to whom the debt is owed;
>
> (c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (d) A statement that if the consumer notifies the debt collector in writing within the thirty-day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (e) A statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42. The Defendant violated the requirements of 15 U.S.C. §1692g by failing to provide Ms. Leandre with a notice of validation rights as required by the FDCPA

43. As a direct and proximate result of the violation of the FDCPA by Defendant, Ms. Leandre has been damaged. The damages of Ms. Leandre include

but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

44. Pursuant to 15 U.S.C. 1692k, Ms. Leandre is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorney's fees.

45. Ms. Leandre has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Nattasha Leandre, demands judgment against Defendant, Transworld Systems, Inc., a California corporation, for compensatory and statutory damages, together with interest, costs, and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

46. This is an action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

47. Ms. Leandre realleges and reaffirms the allegations contained in Paragraphs 1 through 33 above as if set forth hereat in full.

48. At all times material hereto, the Enterprise Account constituted a "debt" or "consumer debt" as said terms are defined under Fla. Stat. §559.55(1).

49. At all times material hereto, Ms. Leandre was a "debtor" or "consumer debtor" as said terms are defined under Fla. Stat. §559.55(2).

50. At all times material hereto, Enterprise was a "creditor" as said term is defined under Fla. Stat. §559.55(3).

51. At all times material hereto, Transworld was a "debt collector" as said term is defined under Fla. Stat. §559.55(6).

52. As more particularly described above, the Defendant violated the FCCPA in that the Defendant have:

(a). disclosed to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false in contravention of Fla. Stat. §559.72(5);

(b). engaged in conduct which reasonably can be expected to abuse or harass Ms. Leandre, in contravention of Fla. Stat. §559.72(7); and

(c). asserted the existence of a legal right when such person knows the right does not exist, to wit: the right to communicate by email in a manner not authorized by Regulation F, §1006.6, in contravention of Fla. Stat. §559.72(9).

53. As a direct and proximate result of the violation of the FCCPA by the Defendant, Ms. Leandre has been damaged. The damages of Ms. Leandre include

but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

54. Ms. Leandre has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

55. Pursuant to Fla. Stat. §559.77, Ms. Leandre is entitled to recover actual damages and statutory damages of $1,000.00, together with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Nattasha Leandre, demands judgment against Defendant, Transworld Systems, Inc., a California corporation, for compensatory, statutory, and punitive damages, together with interest, costs and attorney's fees pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Nattasha Leandre, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

*/s/ Robert W. Murphy*
Robert W. Murphy
LAW OFFICE OF ROBERT W. MURPHY
Florida Bar No. 717223
440 Premier Circle, Suite 240
Charlottesville, VA 22901
Tel. 954.763.8660
Fax 954.763-8607
rwmurphy@lawfirmmurphy.com
*Counsel for Plaintiff*